**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PASTOR GARDUNO REBOLLO,

Petitioner,

v.

Case No. 1:26-cv-01904 KWR-GBW
Case No. 1:26-cv-03392 KWR-GBW

WARDEN, *Torrance County Detention Facility*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR, *Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a noncitizen who is detained by ICE. Petitioner previously received a bond hearing pursuant to 8 U.S.C. § 1226(a). The Court granted his first petition in part and ordered a bond hearing. Petitioner subsequently filed a second petition in that closed case, and filed a new case with his third petition. At issue in this opinion are Petitioner's second and third petitions. Petitioner now summarily challenges the result of his bond hearing and summarily asserts that his detention is prolonged. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**.

## BACKGROUND[1]

Petitioner is a citizen of Mexico and is currently detained by ICE at the Torrance County Detention Facility. He entered the United States on February 15, 2005 without inspection or admission. He has been in immigration detention since February 20, 2026. On July 1, 2026 an immigration judge ordered voluntary departure. Petitioner appealed the immigration judge's order on July 21, 2026, and his appeal remains pending.

This is Petitioner's second and third habeas petition challenging his detention. *See Rebollo v. Warden*., No. 1:26-cv-01904-KWR-GBW (D.N.M.). On June 22, 2026, this court previously concluded that Petitioner was entitled to a bond hearing and ordered a bond hearing. *Id.,* Doc. 10. On June 25, 2026, a bond hearing was held. *See Id.,* Doc. 12-1 at 1. The immigration judge denied bond, stating that he was a flight risk due to his speculative form of relief and manner of entry into the country.

After the Court entered judgment in 26-cv-1904, on September 8, 2026 Petitioner filed a second habeas petition in that case. *See* Amended Petition, *Rebollo v. Warden*., No. 1:26-cv-01904-KWR-GBW (D.N.M.), doc. 13.[2] On October 9, 2026, Petitioner filed a substantially similar or identical petition in a new case, 26-cv-3392. The Court therefore addresses both petitions in this order.

---

[1] In this background section, the Court considers some background facts considered in the Court's prior habeas decision. *See* Order, *Rebollo v. Warden*., No. 1:26-cv-01904-KWR-GBW (D.N.M.), Doc. 10 at 2.

[2] The Court construes this second petition as a request to amend his petition. Where an amended petition is filed in a case with a final judgment, Petitioner must satisfy both Rule 59 or Rule 60, and Rule 15. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005); *see also BLOM Bank SAL v. Honickman,* 145 S. Ct. 1612, 1619 (2025).

Petitioner's claims are unclear. First, Petitioner asserts that his due process rights were violated by his detention. Doc. 1 at 6.[3] He does not explain why his detention violates due process and does not expressly challenge his detention as prolonged. Second, he asserts he has done everything he was supposed to do. Third, Petitioner appears to assert that there are no grounds justifying his detention as he is not in danger and is not a flight risk. Fourth, he asserts he is entitled to individualized constitutional review under due process. In his Memorandum of Law, he asserts that the case presents a "narrow question…whether the Executive may continue to restrain Petitioner's liberty in civil immigration custody without identifying and defending a presently valid statutory basis for detention and without demonstrating that continued confinement remains constitutionally justified while his administrative appeal is pending." Doc. 1 at 9.

## DISCUSSION

### I. <u>Petitioner's challenge to his bond decision is not well-taken</u>.

Petitioner asserts that he is not a flight risk or danger to the community. To the extent he challenges his bond decision, that claim fails. Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the

[3] The Court generally cites to the filings in 26-cv-3392, unless otherwise noted.

IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. Petitioner clearly challenges this decision, asserting that he is neither a flight risk nor danger. The Court lacks authority to review the immigration judge's discretionary determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Here, Petitioner does not assert that any of these grounds apply. He does not assert that a constitutional violation occurred at his bond hearing, or explain at all why he believes his bond hearing or bond decision were inadequate. He simply disagrees with the result.

Petitioner appears to assert that detention requires an individualized justification. Doc. 1 at 13. But he does not assert that his bond hearing was not individualized, or provide any factual assertions plausibly suggesting it was not individualized.

## II. **Petitioner may be detained under 8 U.S.C. § 1226(a) because he has received an individualized bond hearing.**

Petitioner asserts that respondents must provide him a constitutionally adequate individualized bond hearing and identify the statutory basis for his detention. Doc. 1 at 9-10.

As the Court explained in ruling on his first petition, Petitioner may be detained under § 1226(a) if he receives an individualized bond hearing. He received that bond hearing, and does not argue or explain why he believes that bond hearing is inadequate. Therefore, Petitioner may be detained at this time under § 1226(a).

## III. **Petitioner's detention is not unconstitutionally prolonged in violation of procedural due process.**

Petitioner summarily asserts that his detention violates due process. But he does not explain why his detention violates due process. Although he asserts he is not a flight risk or danger, he received a bond hearing before an immigration judge. Finally, he does not expressly assert that his detention is prolonged or that the length of his detention violates due process.

Petitioner asserts that "continued detention warrants individualized constitutional review." Doc. 1 at 7. But he received exactly that – a bond hearing before an immigration judge, and he does not explain why that hearing was inadequate.

Petitioner summarily asserts that his detention is punitive or excessive. Doc. 1 at 10. He does not explain why believes that his detention is punitive or excessive. Petitioner does not examine the *Mathews* factors or explain why they support his release, therefore it is unclear whether he asserts a procedural due process claim. On this basis alone, any procedural due process

claim fails. Alternatively, to the extent the Court must analyze a constitutional claim with no briefing, Petitioner has not carried his burden.

Petitioner was placed in immigration custody on February 20, 2026. He received a bond hearing less than six months ago, on or about June 25, 2026. Thus, Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a).

The Due Process Clause prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law." U.S. Const. amend. V. In the immigration context, "the nature of that protection may vary depending upon [immigration] status and circumstance." *Zadvydas*, 533 U.S. at 694. Noncitizens are entitled to due process "in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). However, such protections need not equate to those afforded to citizens. *Demore*, 538 U.S. at 522 ("[T]his Court has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens.").

In considering a due process claim, the Court considers whether there exists a protected liberty interest and whether the procedures provided afford the individual adequate process. *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2001); *see also Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1244 (10th Cir. 2012) ("To claim a violation of his right to procedural due process, Petitioner 'must have a liberty or property interest in the outcome of the proceedings.'" (quoting *Arambula-Medina*, 572 F.3d at 828)). The Court assumes that Petitioner has a liberty interest in freedom from imprisonment and proceeds to whether Petitioner received adequate process.

In analyzing a procedural due process claim the Court must examine the adequacy of the procedure to ensure that the deprivation meets the demands of the Constitution. *See Ky. Dep't of*

*Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In determining what process is due, the Court considers (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Petitioner received a bond hearing in this case on June 25, 2026. Therefore, at issue here is whether procedural due process requires an additional bond hearing or other procedures due to his prolonged detention. The Court concludes he is not entitled to further process as of the entry of this order.

**First *Mathews* factor: Petitioner's interest.**

The first *Mathews* factor considers the private interest at stake. Petitioner's basic interest in being free from detention is at stake. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (finding that freedom from detention is "the most elemental of liberty interests"). However, Petitioner has already received the procedures authorized by Congress less than six months ago, a bond hearing under § 1226(a) where an immigration judge concluded he was a flight risk.

**Second *Mathews* factor: Risk of erroneous deprivation and the value of additional safeguards.**

The second *Mathews* factor considers the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards. Here, Petitioner already received a bond hearing less than six months ago, at which the immigration judge concluded he was a danger. Petitioner fails to argue or explain how these procedures were inadequate, or argue the probable value of additional procedural safeguards.

Whether the Court would make the same detention decision is not at issue in this case. Petitioner already received the fundamental features of due process—notice and an opportunity to be heard. *See Mathews*, 424 U.S. at 333 ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " (citations omitted)). Petitioner has not argued that his bond hearing was deficient. Moreover, a bond hearing under § 1226(a) is generally sufficient process to mitigate the risk of erroneous deprivation. *See, e.g., Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022). As explained above, he does not assert or establish that his bond hearing was insufficient.

**Third *Mathews* factor: Government's Interest**

The final *Mathews* factor considers the "Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. The administrative burden of an additional bond hearing or release would likely not be great. However, when considering the Government's interest, the Supreme Court has instructed that "it must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Detention has been deemed a valid part of sovereign prerogative "necessary to give effect to the provisions for the exclusion or expulsion of aliens." *Wong Wing v. United States*, 163 U.S. 228, 235 (1896). The Court recognizes that "[o]ver no conceivable subject is the legislative power of Congress more complete." *Reno v. Flores*, 507 U.S. 292, 305 (citation modified). Thus, the Government's interest in enforcing its immigration policies is considerable.

Here, Petitioner does not analyze the third factor. He does not explain what additional procedural safeguards would be appropriate. The significant weight afforded to the executive and

legislature over immigration matters renders the third *Mathews* factor favorable to Respondents. Respondents also have a strong interest in detention while the removal proceedings are pending. *Miranda v. Garland*, 34 F.4th 338, 364-65 (4th Cir. 2022). Removal proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character." *Wong Wing v. United States*, 163 U.S. 228 (1896). Thus, the Respondents' interest here is strong.

Balancing the *Mathews* factors, the Court concludes that Petitioner has not demonstrated that he is entitled to additional process at this time. As explained above, Petitioner has not demonstrated a risk of erroneous deprivation of his liberty interest at his bond hearing. Moreover, he did not account for the Respondents' substantial interest in detention pending removal proceedings.

In sum, Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to another hearing at this time or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[4] The Court need not decide which line of cases to follow. Here, Petitioner received a bond hearing less than six months ago and therefore he has received the remedy for prolonged detention.

---

[4] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

Alternatively, the Court would follow *Borbot* and *Rodriguez* and conclude he is not entitled to another bond hearing because he has already received the process due.

**IV. <u>Petitioner is not subject to indefinite detention in violation of *Zadvydas*</u>.**

Petitioner appears to assert that his detention is indefinite because his appeal of his removal order or voluntary departure order is pending. To the extent Petitioner asserts that his prolonged detention violates *Zadvydas,* that claim fails as well. In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Moreover, the Supreme Court has also rejected the application of *Zadvydas* to detention under §§ 1225 and 1226, reasoning that detention thereunder has a definite time limit – the entry of a final order of removal. *Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining that *Zadvydas* does not apply to detention under § 1226(c)); *Jennings v. Rodriguez*, 583 U.S. 281, 300–01 (2018) (explaining that *Zadvydas* does not

apply to detention under § 1225, in part because such detention is for a definite period of time – until a final order of removal is issued). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

## V. **Petitioner fails to adequately assert a substantive due process claim.**

Petitioner does not expressly analyze a substantive due process claim. However, he does summarily assert that his detention is punitive or excessive. To the extent Petitioner asserts a substantive due process violation, Petitioner failed to adequately assert or brief one, and the Court declines to address one without briefing by the parties. Generally, Petitioner bears the initial burden of showing a constitutional violation.[5] *See* 28 U.S.C. § 2241(c)(3) (petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States."); *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was

[5] The burden is placed on the Respondents in certain circumstances not relevant here. *Zadvydas* does not suggest that the burden is placed on the Respondents in this case. First, both the Tenth Circuit and United States Supreme Court have repeatedly held that *Zadvydas* generally applies after a final order of removal is issued. *Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining that *Zadvydas* does not apply to detention under § 1226(c)); *Jennings v. Rodriguez*, 583 U.S. 281, 300–01 (2018) (explaining in part that *Zadvydas* does not apply to detention under § 1225, in part because such detention is for a definite period of time – until a final order of removal is issued); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (*Zadvydas* did not apply where appeal of removal order pending); *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (same). In this case, a final order was not issued and Petitioner is detained pending the entry of a final order of removal. Second, even if *Zadvydas* applied, the presumption of detention applies for six months. Even after the presumption ends, the petitioner bears the initial burden of showing good reason to believe that removal is not significantly likely in the reasonably forseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("after this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). Only then does the burden shift to the Respondents. As explained in *Jennings* and *Demore,* here, detention has a time limit – the entry of a final order of removal. Thus, in this case the burden need not be shifted to the Government to justify potentially indefinite detention. To be sure, the burden shifts to the Government to justify a delay where a case, regulation, rule, or statute requires it to act "promptly." *See Abedi v. Carter*, No. 25-3179, -- F.4th --, 2026 WL 3149141, at *21 (10th Cir. Oct. 21, 2026). But here, in *Jennings* and *Demore* the Supreme Court declined to set any similar "prompt" deadline on detention under §§ 1225 or 1226.

upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law). Here, Petitioner failed to carry his burden to show a due process violation for prolonged detention.

Alternatively, to the extent the Court must address a substantive due process claim without adequate briefing, Petitioner has not carried his burden. Petitioner, a noncitizen in immigration custody, has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (examining pretrial detention). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) a

legitimate nonpunitive governmental purpose may not be rationally assigned to the restriction or the restriction is excessive in relation to that purpose. *Id.* at 747.

*Demore* reasoned that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Demore v. Kim*, 538 U.S. 510, 528 (2003); *see also Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1442 (5th Cir.) (applying rationality test to immigration detention), *amended,* 997 F.2d 1122 (5th Cir. 1993); *see also Kingsley v. Hendrickson,* 576 U.S. 389, 398, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015) (as to due process excessive force claim, "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").

Notably, Petitioner does not argue or explain why he is entitled to heightened scrutiny as opposed to rational-basis review. *See, e.g., Gonzalez Aguilar v. McAleenan*, No. 19-CV-0412 WJ/SMV, 2019 WL 5864821, at *10 (D.N.M. Nov. 8, 2019) (explaining that petitioner failed to argue or explain why heightened scrutiny applied), *report and recommendation adopted sub nom. Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202 (D.N.M. 2020). He has therefore failed to carry his burden on this point. In the alternative, the Court need not decide this issue. Whether rational basis review or heightened scrutiny applies, his substantive due process claim fails.[6]

"[S]ince *Mathews,* this Court has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore*

---

[6] Although the Tenth Circuit applied a heightened scrutiny in *Hoang,* that decision was vacated following *Demore*. *See Hoang v. Comfort*, 282 F.3d 1247, 1257 (10th Cir. 2002) ("However, even if a restriction was not meant to be punishment and a non-punitive purpose may be rationally assigned to it, the restriction may still constitute punishment if it imposes conditions so excessive in relation to the assigned purpose as to be considered punitive rather than regulatory."), *cert. granted, judgment vacated sub nom. Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003).

*v. Kim*, 538 U.S. 510, 522 (2003). Detention pending removal proceedings "is a constitutionally permissible part of the process." *Id.* at 531. Detention pending a removal decision "necessarily serves the purpose of preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528 (considering mandatory detention under §1226(c)). By its nature, detention under § 1226 is definite—its "obvious termination point" is the entry of a final removal order. *Zadvydas*, 533 U.S. at 697. Due process requires that the duration of detention bear "a reasonable relation to the purpose for which the individual was committed." *Zadvydas*, 533 U.S. at 690 (cleaned up).

Here, Petitioner has been detained for approximately nine months in immigration custody, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive or excessive in relation to its purpose. Petitioner was detained on or about February 20, 2026. A bond hearing was held and Petitioner was ordered detained on June 25, 2026. In the detention order, the immigration judge found that Petitioner was a flight risk. Petitioner was ordered removed or granted voluntary departure on July 1, 2026. Petitioner appealed that order to the BIA, and his appeal remains pending. Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, a legitimate nonpunitive governmental purpose, adjudicating his removal and ultimately removing him, may be rationally assigned to his detention. He is not mandatorily detained. Rather, an immigration judge held a bond hearing, issued findings, and decided he should be detained as he is a flight risk. Petitioner does not demonstrate how his detention is excessive in relation to its purpose.

Therefore, Petitioner's detention is not punitive, a non-punitive purpose may be rationally assigned to it, and his detention is not excessive in relation to its purpose. Based on the arguments and record before the Court, the Court finds that Petitioner has not demonstrated a substantive due process violation.[7] Therefore, Petitioner's substantive due process claim fails.

**CONCLUSION**

The Court denies Petitioner's due process and detention claims, and his challenge to the result of his bond hearing. This order shall be entered in both cases identified in the caption. However, the separate judgment is only entered in Case No. 1:26-cv-03392 KWR-GBW.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED** in Case No. 1:26-cv-03392 KWR-GBW. A separate judgment will be entered in that case.

**IT IS FURTHER ORDERED** that Petitioner's post-judgment second petition in Case No. 1:26-cv-01904 KWR-GBW is **DENIED**. A judgment was already entered in that case, and another judgment will not be entered.

____________/S/______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[7] Petitioner did not assert that heightened scrutiny applies. In the alternative, assuming heightened scrutiny applies and the Court must address heightened scrutiny without briefing, the Government has a compelling interest in ensuring attendance by removable noncitizens in removal proceedings. And here, the restriction is narrowly tailored as Petitioner received a bond hearing at which an immigration judge concluded that he was a flight risk. Petitioner was ordered removed or granted voluntary departure. While the order was appealed, it suggests he may be removable and Petitioner has not presented evidence that he cannot be removed. *See Demore v. Kim*, 538 U.S. 510, 528 (2003) ("when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal.").